IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PHILIP SHROPSHIRE**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:14cv296 |
| | ) | **Electronic Filing** |
| **PETER GIDAS, GIDAS FLOWERS and** | ) | |
| **THOMPSON DECORATORS, INC.**, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

Plaintiff commenced this employment action pursuant to Title VII, 42 § U.S.C. § 1981, and the Pennsylvania Human Relations Act ("PHRA") alleging retaliation and wrongful termination on the basis of race. Presently before the court is Defendants' partial motion to dismiss. For the reasons set forth below, Defendants' motion will be denied.

It is well-settled that in reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "the court [is required] to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). Under Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561 (2007), dismissal of a complaint pursuant to Rule 12(b)(6) is proper only where the averments of the complaint fail to raise plausibly, directly or inferentially, the material elements necessary to obtain relief under a viable legal theory of recovery. Id. at 544. In other words, the allegations of the complaint must be grounded in enough of a factual basis to move the claim from the realm of mere possibility to

one that shows entitlement by presenting "a claim to relief that is plausible on its face." Id. at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In contrast, pleading facts that are merely consistent with a defendant's liability is insufficient. Id. Similarly, tendering only "naked assertions" that are devoid of "further factual enhancement" falls short of presenting sufficient factual content to permit an inference that what has been presented is more than a mere possibility of misconduct. Id. at 1949–50. See also Twombly, 550 U.S. at 563 n. 8 (factual averments must sufficiently raise a "'reasonably founded hope that the [discovery] process will reveal relevant evidence' to support the claim.") (quoting Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005) & Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 741 (1975)).

This is not to be understood as imposing a probability standard at the pleading stage. Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."); Phillips v. County of Allegheny, 515 F.3d 224, 235 (3d Cir. 2008) (same). Instead, "[t]he Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest the required element ... [and that provides] enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Phillips, 515 F.3d at 235; see also Wilkerson v. New Media Technology Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008).

The facts read in the light most favorable to Plaintiff are as follows. Defendants hired plaintiff, an African American, as a delivery driver in August of 2011. Complaint at ¶¶ 9-10.

2

Plaintiff was discharged on September 20, 2011.  Id. at ¶ 11.  The reason given for Plaintiff's discharge was that he failed to perform up to expectations.  Id. at ¶ 12.  Plaintiff contends that this was a pretext for unlawful discrimination on the basis of his race.  Id. at ¶¶ 13-15.

In the instant motion, Defendants contend that Plaintiff's Title VII claims must be dismissed because Defendants are not an "employer" within the meaning of Title VII.  Pursuant to Title VII, an entity or person is not an "employer" unless it employs at least fifteen "employees."  42 U.S.C. § 2000e; Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 83 (3d Cir. 2003).  Defendants have attached a sworn declaration and payroll records purportedly demonstrating that they have never employed at least fifteen individuals.  See Gidas Decl. ¶¶ 4-5; Gidas Decl. Ex A.  In response, Plaintiff asserts that Defendants are part of a delivery cooperative that employs over 100 people.  Plaintiff's Brief in Response at pp. 3-4.  Defendants submitted a supplemental declaration averring that none of the other members of the cooperative exert the requisite level of control over Defendants' activities to satisfy the joint employer test set forth in Nat'l Labor Relations Bd. v. Browning-Ferris Indus. of Pa., Inc., 691 F.2d 1117 (3d Cir. 1982).  Gildas Supp. Decl. ¶¶ 1-6.

It is well-settled that Title VII's "fifteen or more employee threshold requirement [is] not jurisdictional; rather, it is a 'substantive element (whether an 'employer' exists) of a Title VII claim.'"  Carr v. Borough of Elizabeth 121 Fed.App'x. 459, 460 (3d Cir. 2005) (quoting Nesbit, 347 F.3d at 83).  Thus, in determining whether an employer meets the fifteen or more employee requirement, the court does not apply "a Rule 12(b)(1) standard, which allows a tribunal to inquire into the facts without viewing the evidence in the light most favorable to the nonmoving party."  Id. (citing Nesbit, 347 F.3d at 76–77).  Instead, this issue must be resolved under the summary judgment standard.  Id.; accord Nesbit, 347 F.3d at 84 ("the District Court…should

have resolved the issue under the summary judgment standard rather than as a motion for judgment on the pleadings.").

It is beyond reproach that at this juncture plaintiff is not required to plead evidence proving that defendant is an "employer." Alleging that defendant is a Title VII employer is an assertion of fact that is sufficient for pleading, and Plaintiff has adequately averred that defendant was an employer pursuant to Title VII. Thus, the issue of whether defendant is an employer under Title VII must await and properly is considered at the summary judgment stage of this proceeding. As such, Defendant's motion to dismiss on this ground will be denied without prejudice to renew the same arguments if appropriate at summary judgment.

An appropriate order will follow.

<u>Date: August 11, 2015</u>

<u>s/David Stewart Cercone</u>
David Stewart Cercone
United States District Judge

cc:    Joseph F. Quinn, Esquire
       Samantha Clancy, Esquire
       Philip Shropshire

       (*Via CM/ECF Electronic Mail*)